E-FILED
Friday, 12 June, 2026  03:44:02 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| DAVEON MOON,<br>    Plaintiff,<br><br>    v.<br><br>KEVIN MURRAY AND<br>SERGEANT PEREZ,<br>    Defendants. | )<br>)<br>)<br>)  Case No. 26-1221-SEM-DJQ<br>)<br>)<br>)<br>)<br>) |

## ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Daveon Moon, proceeding *pro se* and currently in custody at Menard Correctional Center, filed the original Complaint (#1) in this case in the District Court for the Southern District of Illinois. That court granted Plaintiff leave to proceed in forma pauperis. Plaintiff filed an Amended Complaint (#33) on May 4, 2026, which made clear that the events in question occurred at Pontiac Correctional Center. The matter was thereafter transferred to this Court, which now proceeds to a merit review of Plaintiff's claims.

1

## BACKGROUND

On January 9, 2024, Defendant Kevin Murray was transporting Plaintiff to a mental health visit when he used threatening and racially derogatory language toward Plaintiff. Murray told Plaintiff that "[h]e knew about all the freaky things Sgt. Perez do" and told Plaintiff that he did not like when "any of you inmates file P.R.E.A. [Prison Rape Elimination Act] on any of my officers." Murray then threatened to have Plaintiff killed.

As Plaintiff and Murray walked to the mental health visit, Murray fondled Plaintiff's penis and backside then pushed Plaintiff down the stairs. Plaintiff suffered injuries to his left knee, right wrist, and hands.

Plaintiff filed a grievance against Murray. Later, however, his counselor told him that "nothing had been filed" relating to Murray or Perez. When Plaintiff inquired further, his counselor told him that some staff members "feared these male staff," such that they would not act on grievances.

## Analysis

Pursuant to 28 U.S.C. § 1915A, the Court must "screen"

2

Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff expressly lists three sets of claims in his Amended Complaint: (1) an Eighth Amendment violation "for Sgt. Perez sexually assaulting me"; (2) First and Eighth Amendment violations against Murray; and (3) a due process violation for "ignoring my multiple other grievance issues."

Beginning with Murray, Plaintiff has clearly stated a claim for

excessive force in violation of the Eighth Amendment. Plaintiff has also stated a First Amendment retaliation claim, as he alleges that Murray's conduct was directly preceded by excoriating him for filing a complaint against Perez. This permits a plausible inference that Plaintiff's grievance against Perez was "at least a motivating factor" in Murray's conduct. See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Turning to Perez, the Court notes that while Plaintiff states in his enumerated counts that Perez sexually assaulted him, little to no description of that event is included in the body of the Amended Complaint. Whatever happened with Perez appears to have occurred some unknown period of days or weeks before the allegations against Murray. While Plaintiff alleges Murray retaliated against Plaintiff based on Plaintiff's complaint about Perez, there is no indication Perez was personally involved with anything that occurred on January 9, 2024. If Plaintiff wants to pursue claims against Perez, he must do so in a separate lawsuit. Such claims are not properly joined with Plaintiff's claims against Murray. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple

4

claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]"); see also Fed. R. Civ. P. 18(a).

Finally, Plaintiff does not name as a defendant any individual who "ignore[ed]" his grievances. Moreover, "prisoners generally have no constitutional right to an investigation of their grievances." *Raney v. Moon*, 2026 WL 1487855, at *2 (7th Cir. May 28, 2026).

**IT IS THEREFORE ORDERED:**

1.    Pursuant to its review, the Court finds that Plaintiff's Amended Complaint states Eighth Amendment excessive force and First Amendment retaliation claims against Murray. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    The Clerk is directed to DISMISS Sergeant Perez as a Defendant in this case.

3.    The Clerk is directed to effect service of process on Murray pursuant to the Court's standard procedures.

5

4.     This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions in order to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.     The Court will attempt service on Defendant by mailing waivers of service to them. Defendant has sixty (60) days from the date the waiver is sent to file an answer. If Defendant has not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6.     Defendant shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings

shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant. Therefore, no response to the answer is necessary or will be considered.

7.    This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a Scheduling Order, which will explain the discovery process in more detail.

8.     Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9.     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10.    If Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11.    The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED June 15, 2026.


s/ *Sue E. Myerscough*

_____

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**